**FILED**
**Jan 18, 2019**
**03:04 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| EDWARD FONSECA, | ) | |
| Employee, | ) | **Docket No. 2018-06-0299** |
| v. | ) | |
| | ) | |
| RIMAX CONTRACTORS, INC., | ) | |
| Employer, | ) | |
| | ) | |
| JAMES MCHUGH | ) | **State File No. 20931-2017** |
| CONSTRUCTION, | ) | |
| Statutory Employer, | ) | |
| And | ) | |
| | ) | |
| ARCH INSURANCE COMPANY, | ) | |
| Carrier. | ) | **Judge Joshua Davis Baker** |

---

## COMPENSATION HEARING ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

---

This case came before the Court on January 14, 2019, on McHugh Construction's motion for summary judgment. Mr. Fonseca did not respond to the motion. The Court grants the motion and dismisses this claim against McHugh with prejudice because it is barred by the statute of limitations.

### Procedural History and Material Facts

Mr. Fonseca injured his back on a commercial construction site in Nashville while working for Rimax on May 16, 2016. Rimax worked as subcontractor on the site, and James McHugh Construction (McHugh) worked as the general contractor. An intermediate subcontractor for McHugh had hired Rimax. Although Mr. Fonseca knew another company had hired Rimax, he did not know that McHugh was the general contractor.

Mr. Fonseca filed a claim against Rimax and its insurer, Granite State Insurance Company (Granite), in Georgia, because Rimax was headquartered there. However, the Georgia claim stalled within months due to lack of jurisdiction.

Shortly after filing in Georgia, Mr. Fonseca filed a petition for benefit determination (PBD) against Rimax and Granite in Tennessee as a self-represented litigant. However, Granite secured a default declaratory judgment in the Shelby County Circuit Court that absolved its liability.

Since the default judgment declared Granite was not insuring Rimax at the time of his injury, this left Rimax uninsured. In an attempt to collect some benefits, Mr. Fonseca retained counsel and filed a motion to add McHugh as a party to the claim. The Court granted his motion, and he served and filed a PBD against McHugh on February 20, 2018.

After an expedited hearing, the Court held that, while Mr. Fonseca was likely to prevail in proving entitlement to benefits in Tennessee, he was unlikely to prevail against McHugh because the statute of limitations barred his claim. McHugh moved for summary judgment and sent a copy of its motion to Mr. Fonseca. Mr. Fonseca did not respond.

**Law and Analysis**

Tennessee Rule of Civil Procedure 56.04 states summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, McHugh must either submit affirmative evidence to negate an essential element of Mr. Fonseca's claim or demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015).

If McHugh carries this burden, then Mr. Fonseca "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06. The Court holds that McHugh met its burden of demonstrating Mr. Fonseca cannot establish his claim against McHugh and its insurer, as the statute of limitations bars his claim.

Mr. Fonseca failed to respond to the motion. While that failure does not mandate entry of summary judgment, it does prevent him from disputing any of the facts in McHugh's statement of material facts. *See United Serv's Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence

of response only precludes factual disputes."). Without a response, the Court accepts McHugh's facts: chiefly that Mr. Fonseca did not include McHugh as a party until filing a PBD against it and its insurer on February 20, 2018.

Under the Workers' Compensation Law, the statute of limitations bars a claim "when the employer has not paid workers' compensation to or on behalf of the employee . . . unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed . . . within one (1) year after the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1).

Here, Mr. Fonseca cannot establish a claim against McHugh because the statute of limitations expired when he did not file against McHugh until nearly two years after his alleged date of injury. As the nonmoving party, Mr. Fonseca must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye,* at 265. "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* Because Mr. Fonseca failed to produce proof his claim against McHugh was not barred by the statute of limitations, he failed to carry this burden.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants McHugh's motion for summary judgment and dismisses Mr. Fonseca's claim with prejudice to its refiling.

2. Absent an appeal to the Appeals Board, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against McHugh under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary. McHugh shall pay the filing fee within five business days of the order becoming final.

4. McHugh shall file form SD-2 with the clerk, via email at wc.courtclerk@tn.gov, within ten business days of this order becoming final.

**ENTERED JANUARY 18, 2019.**

_____
**Judge Joshua Davis Baker**

3

**Court of Workers' Compensation Claims**
**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on January 18, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| David Goodman, Employee's Attorney | | | X | dgoodman@forthepeople.com |
| Sean Hunt, Attorney for James McHugh Construction | | | X | sean@thehuntfirm.com |
| Rimax Contractors, Inc. | X | | X | 2940 Horizon Park Drive, Suite C Suwanee, Georgia  30024 ricardo@rimaxcontractors.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**wc.courtclerk@tn.gov**

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant]       _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

Amount Owed             To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____